**MEYER et, Plaintiffs-Appellees, v. REED, Defendant-Appellant.**

Ohio Appeals, Seventh District, Portage County.

No. 182. Decided March 23, 1950.

Loomis, Caris & Jones, Ravenna, for plaintiffs-appellees.
Slabaugh, Guinther & Pflueger, Akron, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

In this opinion plaintiffs-appellees will be called plaintiffs, and defendant-appellant will be called defendant.

Glenn H. Reed, deceased, owned and developed University Heights Allotment, situated in Kent, Portage County, Ohio. Before selling any lots situated in such allotment to others he deeded the entire allotment to Florence DeCapito, subject to all restrictions contained therein. The deed evidencing that conveyance was duly recorded in the records of deeds of Portage county. Subsequently Florence DeCapito reconveyed all such lots to Glenn Reed "subject to all the covenants, restrictions and agreements set forth in a deed from Glenn H. Reed to Florence DeCapito, and recorded in instrument 27270, Portage County Records; and which covenants, restrictions and agreements are made a part hereof by reference, as though the same were fully set forth."

All subsequent deeds to lots in University Heights Allotment provided inter alia that "invalidation of any one of

these covenants by judgment or court order shall in no wise affect any of the other provisions which shall remain in full force and effect"; and contained the following reservation and restriction:—

"A right and easement is herewith reserved perpetually over the rear ten (10) feet of each lot or block and over (10) feet of each side of each lot and block for storm and sanitary sewer, water lines and utility installation and maintenance, it being understood that such ten (10) foot reservation is made as to three sides of each lot and block in said Allotment either as now constituted or as subsequently resubdivided."

"No building or any part thereof shall be erected on any residential or business building plot nearer to the front, side or rear lot lines than as shown on the recorded plat of said Allotment, except that where no such building line is shown on said plat then no building or any part thereof shall be erected nearer to the front lot line than 40 feet, nearer to a side lot line, as platted or owned, than ten (10) feet or nearer to a rear lot line than ten (10) feet."

All lots in such allotment, including lots 3 and 4 in Block D, were restricted and set aside as "residential lots," except those specifically excepted in paragraph (b) which provides:—

"Subject to the zoning ordinances of the City of Kent, Blocks A and B are restricted to commercial use and for retail merchandising, and/or apartment houses and the following lots hereinafter described may be used for single-family dwelling, two-family dwelling, four-family dwelling or apartment house:—

Lots 1-2-3-4 in Block D.
Lots 1-2-3-4-5 in Block E.
Lots 1-2-3-4 in Block F.
Lots 1-2 in Block G."

Defendant, the widow and heir of Glenn H. Reed, and the owner of many unsold lots in University Heights, sold adjoining lots 3 and 4, situated in residential Block D of such allotment, to plaintiffs, through a broker, for construction of an "apartment house."

That sale was made subject to all "restrictions and reservations of such allotment," among which are that they "may be used for a single-family dwelling, two family dwelling, four family dwelling or apartment house"; and "that no building, or any part thereof, shall be erected" on such lots until "the design and location thereof have been approved in writing by Glenn H. Reed, his heirs, and assigns, or by a committee appointed by Glenn H. Reed, his heirs and assigns," except that in event of failure to so approve or disprove such

design and location within sixty days after submission by the builder then such approval shall not be required.

Plaintiffs prepared and submitted to defendant for her approval in writing plans for a building to house eleven families, which they proposed to construct in the middle of their lots, and nearer than ten feet to the side boundary lines of such lots. Twice defendant refused to approve such plans as submitted to her, which refusal we construe as a disapproval of such plans.

Plaintiffs commenced an action in the court of common pleas in which they sought a mandatory injunction compelling defendant to approve in writing their submitted plans.

By cross-petition defendant sought the construction of certain restrictions of plaintiffs' deed and a judgment declaring the restrictions valid.

The trial judge denied the prayer of plaintiffs' petition for mandatory injunction compelling defendant to approve plaintiffs' plans in writing; held that no written approval of such plans was necessary; and in construing some of the restrictions contained in plaintiffs' deed held that such restrictions would not forbid the construction of the building contemplated by plaintiffs, and entered judgment accordingly.

Defendant appealed to this court on questions of law and fact, and in the trial court moved for an order fixing bond on such appeal. The bond, which the trial judge fixed at $20,000.00, was not furnished.

Plaintiffs' motion to dismiss defendant's appeal on the ground that no bond had been furnished was sustained from the bench. The words "and fact" were stricken from defendant's notice of appeal, and the appeal was retained as one on questions of law.

Plaintiffs' motion to dismiss defendant's appeal on questions of law on the ground that defendant had not filed a bill of exceptions nor assignments of error timely was overruled. It appearing that a bill of exceptions was filed the appeal was argued, submitted, and will be determined as an appeal on questions of law.

By her sole assignment of error defendant contends that the judgment of the trial court is contrary to law, and urges that the "extra-ordinary remedy of mandatory injunction," is not "available to a lot owner to compel an allotment proprietor to approve plans in writing"; and that the lot owner has an adequate remedy at law "to determine whether the structure which he plans to erect can be completed by him"; and that plaintiffs, who accepted "a conveyance of their lots subject to a reservation of an easement," can not "require the owner of the

easement to approve, in writing, plans for a structure which, if erected on the lot, will destroy the easement"; and may not "construct such building without approval." The questions raised by such assignments of error are the only ones which will be disposed of in this opinion.

While variations of the language used in the deed from Florence DeCapito to Glenn H. Reed, quoted supra, were used in subsequent deeds, generally, and with the exception of three deeds out of a total of sixty-nine deeds to lots in the allotment, such deeds were delivered "subject to all the re- strictions and reservations of such allotment," and "in conformity with a general plan," which imposed burdens upon plaintiffs which they must carry.

Some owners have acquired parts of lots adjacent to lots owned by them in such allotment. With the exception of a two family dwelling, or apartment, situated above a funeral home, in Block A of such allotment, only single family dwellings have been constructed in such allotment. One owner has constructed his house closer than ten feet to one of the boundary lines thereof, and four owners have constructed houses across lot lines where they owned adjoining lots. There is no evidence whether these buildings were erected with, or without, the approval in writing of defendant, nor by and with the consent of other owners of lots in University Heights Allotment.

The action we review is not one seeking to enjoin plaintiffs from proceeding with the construction of their building, but an action in which plaintiffs sought the extraordinary remedy of mandatory injunction to require defendant to approve, in writing, the design and location of their building prior to commencement of construction thereof. We conclude that a mandatory injunction was not available to them, as they had an adequate remedy at law to determine whether the building they proposed to erect could be built upon their lots and comply with the restrictions thereof.

Plaintiffs contend that defendant is "estopped to assert the validity of the restrictions" as to lot lines in her allotment because she violated, or permitted other owners of lots in University Heights Allotment to violate, the restrictions of the deeds to lots situated therein with reference to boundary lines thereof. In the absence of evidence of the conditions surrounding the erection of the buildings being discussed, and the alleged violation of the restrictions of the lots on which they were erected, we can not concur in this contention; and do not believe the language of the restrictions is ambiguous.

We have studied and carefully considered the ingenious arguments of counsel for the respective parties concerning the

easement to which reference has been made, and conclude that such easement still exists; that the erection of the contemplated structure encroaches upon the easement, and violates such easement and the restrictions of the allotment; that no approval for the erection thereof was given in writing at any time, as required by the restrictions of the allotment; and that under these conditions the contemplated eleven family house can not be erected.

It is apparent from what we have said we conclude that the trial judge did not err to plaintiffs' prejudice in declaring that all of the restrictions set out in the various lettered paragraphs of the master deed were applicable to plaintiffs' lots; nor in denying the prayer of plaintiffs' petition for mandatory injunction compelling defendant to approve in writing plaintiffs' plans.

However, we conclude the trial judge did err to defendant's prejudice in the following respects, towit in holding that the line restrictions appearing in plaintiffs' deed did not apply to them since they owned two adjoining lots; that the approval provision of plaintiffs' deed was not applicable to them, and no written approval of such plans was necessary; that they did not need defendant's approval to construct their contemplated apartment; that such restrictions did not forbid its construction; and that their lots were not subject to the easement to which reference has been made.

The judgment of the trial court is affirmed in part and reversed in part as indicated herein.

NICHOLS, J, concurs.
GRIFFITH, J, concurs in judgment.